*16*

# ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



EXHIBIT

4

UNITED STATES OF AMERICA,

              Plaintiff,

-vs-

D-1  ADELSO ALEXANDER
      VICENTE,

              Defendant.

_____/

No. 12-20021

HON. NANCY G. EDMUNDS

OFFENSE: COERCION AND ENTICEMENT
OF A MINOR, 18 U.S.C. § 2422(b)

MAXIMUM PENALTY: NOT LESS THAN
10 YEARS AND UP TO LIFE

MAXIMUM FINE: UP TO $250,000

SUPERVISED RELEASE: NOT LESS THAN
60 MONTHS AND UP TO LIFE.

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant,

Adelso Alexander Vicente and the government agree as follows:

**F I L E D**

**APR 0 9 2012**

**CLERK'S OFFICE
DETROIT**

**1.**   **GUILTY PLEA**

    **A.**   **Count of Conviction**

Defendant will enter a plea of guilty to **Count One** of the Information which

charges coercion and enticement of a minor in violation of Title 18 United States Code,

Section 2422(b).

    **B.**   **Elements of Offense**

The elements of Count One are:

1. The Defendant knowingly persuaded, induced, enticed, or coerced an

    individual less than 18 years old to engage in sexual activity;

-1-

2.  The Defendant used a means or facility of interstate commerce to do so;

3.  The Defendant engaged in such sexual activity for which any person can be charged with a criminal offense under the laws of the State of Michigan.

**C.     Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for Defendant's guilty plea:

Between April of 2011 and September 14, 2011, the defendant used the Internet and cellular phones to communicate with the thirteen year-old victim. The defendant was in California and the victim was in Macomb County, Michigan, Eastern District of Michigan. During their conversations, the defendant and victim developed a relationship where they considered each other boyfriend and girlfriend and continually professed their love for each other. At one point, they referred to each other as husband and wife and spoke about running away together. The defendant and the victim also discussed meeting, in Michigan, in person.

During their conversations, the defendant repeatedly asked the victim to send him pictures of her naked. At first, the victim refused but later sent numerous pictures of her naked. Defendant sent the victim naked pictures of himself where the victim was able to see the defendant's penis in the pictures. The Defendant also asked the victim to take and send him pictures of her touching herself. In some of the conversations, they spoke about being intimate together. The victim initially did not want to engage in sexually explicit conduct with the defendant. However, through their conversations, the defendant convinced the victim to engage in sexually explicit conduct.

During the course of their relationship, the defendant drove from California to Michigan on two occasions.  The second trip was on September 14, 2011.  On that day, the defendant drove from California to the victim's neighborhood in Macomb County and watched the victim board her school bus.  The defendant followed the bus to the victim's school.  The victim exited the bus and got into the defendant's car.  The defendant drove to a motel where they engaged in non-forced sexually explicit conduct, including, but not limited to, oral and anal sex.

As a result of the victim's age, the acts of sexually explicit conduct amounted to a violation of Michigan Complied Laws Section 750.520d(1)(a), criminal sexual conduct third degree, a felony punishable by a term of incarceration of not more than fifteen years.

## 2.    <u>SENTENCING GUIDELINES</u>

### A.    <u>Standard of Proof</u>

The Court will find sentencing factors by a preponderance of the evidence.

### B.    <u>Agreed Guideline Range</u>

There are no sentencing guideline disputes.  Except as provided below, defendant's guideline range is **168-210 months**, as set forth on the attached worksheets.  If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s);

or obstructed justice or committed any crime, and if any such finding results in a guideline range higher than **168-210 months**, the higher guideline range becomes the range recommended by defendant and government.

The Court is not bound by this recommendation concerning the guideline range, and the defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow this recommendation. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

3.      SENTENCE

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

A.      **Imprisonment**

The Court must impose a sentence of imprisonment on **Count One** of at least **10 years**. The government agrees to recommend a sentence at or below the sentencing guidelines as determined by paragraph 2B. Further, the government will agree and recommend that Defendant's sentence should not exceed the top of the guideline range as determined by paragraph 2B. Finally, the government agrees to receive and review any

and all documentation provided by defense counsel, prior to sentencing, related to the mental health evaluations prepared by Defendant's expert before making a recommendation, regarding imprisonment, to the Court.

**B.      Supervised Release**

A term of supervised release follows the term of imprisonment. The Court must impose a term of supervised release **on Count 1 of no less than 60 months and up to life.**  The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

**C.      Special Assessment**

Defendant will pay a special assessment of $100 and must provide the government with a receipt for the payment before sentence is imposed.

**D.      Fine**

There is no agreement as to fines.

**E.      Restitution**

The court will determine whether restitution should be ordered and in what amount.

**4.      ADDITIONAL CONDITIONS**

**A.      SORNA/Adam Walsh Act**

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, defendant will be

obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts (including any state where he resides, works, attends school or otherwise has significant contacts). Defendant further understands that he will be required to maintain and update his registration for at least twenty years, and potentially for the rest of his life.

**B.      Padilla Waiver**

Defendant acknowledges that he is not a citizen of the United States, and that his guilty plea in this case may affect or even foreclose his eligibility to remain in this country following the imposition of sentence herein.  Defendant has discussed these matters with his attorney in this case, but he expressly agrees that his decision to plead guilty is in no way conditioned upon or affected by the advice he has been given regarding any potential immigration consequences of his conviction(s).  Defendant further agrees that because his decision to plead guilty in this case is wholly independent of the immigration consequences of a conviction, defendant agrees that he will not seek to challenge his guilty plea in any later proceeding via collateral attack on any basis relating to the immigration consequences of his plea.

**C.      Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath

at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

5.    **OTHER CHARGES**

If the Court accepts this agreement, the government will not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets.

6.    **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The recommendations in Part 3 are not binding on the Court. Defendant has no right to withdraw his guilty plea and the parties have no right to withdraw from this agreement if the Court decides not to follow them.

7.    **WAIVER OF APPEAL**

Defendant waives any right he may have to appeal his conviction. If the sentence imposed does not exceed the maximum recommendation allowed by Part 3 of this agreement, defendant also waives any right he may have to appeal his sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

8.    **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges

are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**9.    PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**10.    SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

-8-

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

**11. ACCEPTANCE OF AGREEMENT BY DEFENDANT**

The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

                                        BARBARA L. MCQUADE
                                        UNITED STATES ATTORNEY


_____            _____
KEVIN M. MULCAHY                       MATTHEW A. ROTH
Chief, General Crimes Unit             Assistant United States Attorney
Assistant United States Attorney


Date: March 26, 2012


By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.


_____            _____
JUAN A. MATEO                          ADELSO ALEXANDER VICENTE
Attorney for Defendant                 Defendant


Date: 4-9-12

# WORKSHEET A   (Offense Levels)

| | | | |
|---|---|---|---|
| Defendant: | Adelso Alexander Vicente | Count(s): | I – Coercion and Enticement |
| Docket No: | | Statute(s): | 18 U.S.C. § 2422(b) |

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of con-viction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| §2G1.3(a)(3) | Base Offense Level – convicted under § 2422(b) | 28 |
| §2g1.3(b)(4)(A) | Offense involved the commission of a sex act | +2 |
| | | |
| | | |
| | | |
| | | |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**30**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

☐ *If this is the only Worksheet A, check this box and skip Worksheet B.*

☐ *If the defendant has no criminal history, check this box and skip Worksheet C.*

(rev. 06/99)

# WORKSHEET A   (Offense Levels)

Defendant:    Adelso Alexander Vicente      Count(s):    I – Coercion and Enticement

Docket No:                   Statute(s):    18 U.S.C. § 2422(b)

## CROSS REFERENCE FROM §2G1.3(c)(1)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of con-viction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| §2G2.1(a) | Base Offense Level | 32 |
| §2G2.1(b)(1) | Minor between 12 and 16 years-old | +2 |
| §2G2.1(b)(2)(A) | Offense involved commission of a sexual act | +2 |
| §2G2.1(b)(6)(B)(ii) | Use of a computer to solicit participation w/minor in sexually explicit conduct | +2 |
| | | |
| | | |

## 2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**38**

********************

☐ *If this is the only Worksheet A, check this box and skip Worksheet B.*

☐ *If the defendant has no criminal history, check this box and skip Worksheet C.*

(rev. 06/99)

**(WORKSHEET C, p. 2)**

2.    **COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE  (U.S.S.G. §
      4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses)
while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release,
imprisonment, work release, and escape status.  (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the
sentence from which it resulted.

_____

3.    **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE  (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. §
4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.
But enter no points where the sentences are considered related because the offenses occurred on the same occasion.  (*See* U.S.S.G. §§
4A1.1(e), 4A1.2(p).)  Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE:  No more than 3
points may be added under this item.

_____

4.    **TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-3.

| 0 |

5.    **CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0 – 1 | I |
| 2 – 3 | II |
| 4 – 6 | III |
| 7 – 9 | IV |
| 10 – 12 | V |
| ≥ 13 | VI |

| I |

(rev. 06/99)

# WORKSHEET D   (Guideline Range)

**1.**   **(COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

> **38**

**2.**   **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

> **-3**

**3.**   **TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

> **35**

**4.**   **CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

> **I**

**5.**   **CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

a.   <u>Total Offense Level</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

b.   <u>Criminal History Category</u>:  If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6.**   **GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

> **168-210**
> months

**7.**   **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

> **120**
> months

Title 18, United States Code, Section 2422(b) – imprisoned not less than 10 years or life.

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

1.  **PROBATION (U.S.S.G. ch. 5, pt. B)**

    a.  <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

    ☒  1.  Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

    ☐  2.  Probation is authorized by the guidelines (minimum of guideline range = zero months).

    ☐  3.  Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b.  <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

    ☐  1.  At least 1 year but not more than 5 years (total offense level ≥ 6).

    ☐  2.  No more than 3 years (total offense level < 6).

    c.  <u>Conditions of Probation</u> (U.S.S.G. § 5B1.3)

    The court must impose certain conditions of probation and may impose other conditions of probation.

2.  **SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

    ☒  a.  A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

    ☐  b.  A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b

3.  **IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

    A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

(WORKSHEET E,  p. 2)

**4.**    **SUPERVISED RELEASE**  (U.S.S.G. ch 5., pt. D)

a.    Imposition of a Term of Supervised Release  (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b.    Length of Term of Supervised Release  (U.S.S.G. § 5D1.2)

☐    1.    At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☐    2.    At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐    3.    1 year, where the count of conviction is a Class E felony or a Class A misdemeanor,  i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☒    4.    The statute of conviction requires a minimum term of supervised release of ___60___ months and up to life.

c.    Conditions of Supervised Release  (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

**5.**    **RESTITUTION (U.S.S.G. § 5E1.1)**

☒    1.    The court will determine whether restitution should be ordered and in what amount.

☐    2.    Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.,* 18 U.S.C. §§ 3663A, 2327.)  The parties agree that full restitution is $_____.

☐    3.    The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3).)

☐    4.    The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

☐    5.    Restitution is not applicable.

(rev. 06/99)

(WORKSHEET E,  p. 3)

6.    **FINE**  (U.S.S.G. § 5E1.2)

   a.  Fines for Individual Defendants

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule.  (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b.  Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|:---:|:---:|
| $20,000 | $200,000 |

7.    **SPECIAL ASSESSMENT(S)**  (U.S.S.G. § 5E1.3)

   The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

   $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
   $ 25.00 for every count charging a Class A misdemeanor,
   $ 10.00 for every count charging a Class B misdemeanor, and
   $  5.00 for every count charging a Class C misdemeanor or an infraction.

   The defendant must pay a special assessment or special assessments in the total amount of $   $100.00   .

8.    **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

   List any additional applicable guideline, policy statement, or statute.

   _____

9.    **UPWARD OR DOWNWARD DEPARTURE**  (U.S.S.G. ch. 5, pts. H & K)

   List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range. _____

   _____

   _____

(rev. 06/99)