UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        Plaintiff,        Case No: 12-20021
                                     Hon: Nancy G. Edmunds

**v.**

**ADELSO ALEXANDER VICENTE,**

        Defendant.

___

### DEFENDANT ADELSO A. VICENTE'S REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM

**I.  INTRODUCTION**

On July 6, 2012, the Government filed its Sentencing Memorandum, taking the position that the guideline calculation in the Rule 11 Plea Agreement, which sets forth an advisory guideline range of 168-210 months, is the proper guideline range that should be adopted by the Court.[1]  The Probation Department has determined that the proper advisory guideline range is 120-135 months.

This Court should rule that the Government has waived any objection to the Presentence Investigation Report ("PSR") and that the Probation Department has properly calculated the advisory guideline range.

**II.  WAIVER OF OBJECTION TO PSR**

The Government has failed to timely object to the PSR.  Federal Rule of Criminal Procedure 32(f)(1) requires the parties to file timely objections to the PSR within 14 days of receipt.  The deadline to file timely written objections to the PSR in this case was June 29, 2012.

---

[1] Notwithstanding the Government's position with regard to the advisory guidelines, the Government is recommending a sentence of 135 months.

The Government filed its Sentencing Memorandum of July 6, 2012, and has never formally filed any written objections to the PSR with the Probation Department. According to Probation Officer Veronica Ross, neither party requested an extension to file objections. Accordingly, the Governments objections to the PSR are waived. *See, U.S. v. Avila-Reyes*, 42 Fed. Appx. 153, 155 (10th Cir. 2002), *U.S. v. Michalek*, 819 F.Supp. 250, 260 (W.D.N.Y. 1993).

### III. THE UNITED STATES PROBATION DEPARTMENT HAS PROPERLY CALCULATED THE ADVISORY GUIDELINE RANGE

United States Probation Officer Veronica Ross has properly determined that the advisory guideline range is 120-135 months. The Government agrees with the Probation Department in beginning its calculations with U.S.S.G. § 2G1.3. However, the Government disagrees with the Probation Department on whether the cross-reference in 2G1.3(c)(1) applies. Contrary to the Government's position, the Probation Department has determined that the cross-reference does not apply.

U.S.S.G. § 2G1.3(c)(1) states in pertinent part:

> If the offense that involved causing, transporting, permitting, or offering or seeking by notice advertisement, a minor to engage in sexually explicit conduct for the purposes of producing a visual depiction of such conduct, apply § 2G2.1 . . .

The application note to subsection (c)(1) indicates as follows:

> The cross-reference in subsections (c)(1) is to be construed broadly and includes all instances in which the offense involved employing, using, persuading, inducing, enticing, coercing, transported, permitting, or offering or seeking by notice advertisement or other method, a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct.

Here, Mr. Vicente did not intend to produce a visual depiction punishable by Sentencing Guideline 2G1.3(c)(1). The victim took photos of herself with her cell phone and sent them to

2

Mr. Vicente. Mr. Vicente did not reproduce the photos, nor did he in any way disseminate them. There is no evidence that Mr. Vicente set out to meet with the minor for the purposes of producing sexually explicit visual depictions.

The four cases relied on by the Government are all clearly factually distinguishable from the case at bar. In *United States v. Veazey*, 491 F.3d. 700 (7th Cir. 2007), the defendant possessed three cameras when he was arrested, and had expressed his desire to photograph the 15-year-old girls, who actually turned out to be undercover police officers.

In *United States v. Hughes*, 282 F.3d. 1228 (9th Cir. 2002), the defendant videotaped sexual encounters with the minor, generated sexually explicit photos of the minor, and disseminated them over the internet.

In *United States v. Dye*, No. 09-3410, 2010 WL 414687 (3rd Cir. 2010), the defendant was arrested with a digital camera, a newly-purchased memory card, a web cam, and sex toys, as he was en route to meet a minor who turned out to be an undercover police officer. Dye's stated purpose to meet the "minor" was to generate sexually explicit photos and videos.

Similarly, in *United States v. Mai*, 08-6016, 2008 WL 4139383 (10th Cir. 2008), the defendant traveled interstate in engage in sex acts with a person he believed was a 14-year-old girl and to record the activity with a digital camera.

The evidence in this case is a far cry from what occurred in the preceding cases. Mr. Vicente did not get involved with the victim to produce child pornography. Any photos Mr. Vicente received from her were not disseminated, and Mr. Vicente did not take or intend to take any photos of her when he met her. Accordingly, the Probation Department's calculations of the of the advisory guidelines are proper.

Respectfully submitted,

s/ Juan A. Mateo
**JUAN A. MATEO (P33156)**
Attorney for Defendant
535 Griswold, Suite 1030
Detroit, MI 48226
(313) 962-3500
mateoja@aol.com

Dated: July 9, 2012

---

*PROOF OF SERVICE*
*The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause and to each of the attorneys of record herein at their respective addresses as directed on the pleading(s) of **July 9, 2012.***
*Delivery By:*
☐ *U.S. Mail*            ☐ *Fax*           ☒ *E-File (ECF)*
☐ *Hand-Delivered (Court)*  ☐ *Overnight Express*
☐ *Federal Express*      ☐ *E-mail*    ☐ *Other*

*Signature:  /s/ Megan E. Lang*
*MEGAN E. LANG*