UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ADELSO ALEXANDER VICENTE,

    Defendant.

_____/

Case No. 12-cr-20021

Honorable Nancy G. Edmunds

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE [15]**

Defendant Adelso Alexander Vicente is currently in the custody of the Federal Bureau of Prisons ("BOP"). The matter is before the Court on Defendant's *pro se* motion for sentencing reconsideration. (ECF No. 15.) The government opposes Defendant's motion. (ECF No. 18.) The Court has reviewed the record and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motion.

**I.    Background**

On April 9, 2012, Defendant pleaded guilty to persuading or coercing a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). The charge stemmed from his actions in seducing a 13 year-old girl through Facebook, persistently pressuring her to send him nude pictures and participate in sexually explicit conversations, and engaging in sex acts with the victim after Defendant drove from California to Michigan to visit the girl in person. At the time, Defendant was 28 years old.

On July 26, 2012, the Court sentenced Defendant to a custodial sentence of 135 months with the Bureau of Prisons. (ECF No. 13.) He remains incarcerated at FDC Houston in Houston, Texas and his projected release date is February 25, 2022.

Defendant now moves the Court to reconsider or modify his sentence. In support of his request, Defendant cites his lack of disciplinary reports while incarcerated, his participation in BOP programming, the support of his family, his acceptance of responsibility, and his desire to see his mother who is diabetic and has heart problems. (ECF No. 15.)

## II.     Law and Analysis

By statute, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But that rule comes with a few exceptions, one of which permits compassionate release.[1] Under this authority, a motion for reduction in sentence for "extraordinary and compelling reasons" can be filed with the court if the defendant has exhausted his administrative remedies. *See United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020)). Once a defendant exhausts his remedies, the Court may consider his motion by determining (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether such a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission; and (3) whether the balance of relevant sentencing factors weighs in favor of early release. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Here, Defendant has not alleged that he submitted a request for early release to the Bureau of Prisons, nor has he produced any documentary evidence to prove that he

---

[1] Defendant does not provide a legal avenue for the relief he requests, but the Court interprets his motion as one for compassionate release under § 3582(c)(1)(A)(i) based upon Defendant's clear ineligibility for any other exception to § 3582.

has exhausted his administrative remedies. Thus, his motion is denied on that basis. The Court notes, however, that even if Defendant had submitted evidence of exhaustion, Defendant does not meet the other requirements for compassionate release outlined by the Sixth Circuit. *See Elias*, 984 F.3d at 518. Defendant does not provide extraordinary and compelling reasons for a sentence modification and the balance of § 3553(a) factors does not favor release. Notably, Defendant has declined to participate in a BOP sex offender program. That treatment is designed to reduce a sex offender's risk of future offending and teaches basic skills and concepts to understand past actions. Even if Defendant otherwise qualified for a modification of his sentence, the Court would deny his motion based on his failure to receive sex offender treatment. For these reasons, the Court declines to modify Defendant's sentence.

### III. Conclusion

For the foregoing reasons, Defendant's motion for sentencing reconsideration is DENIED.

SO ORDERED.

Dated: October 19, 2021

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 19, 2021, by electronic and/or ordinary mail.

s/ Lisa Bartlett
Case Manager